## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CHAPTER 11 CASE** |
| **INTEGRA HOSPITAL PLANO,** | § | |
| **L.L.C.,** *et al.*, | § | **CASE NO. 08-42998** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |
| | § | |

### AMENDED EMERGENCY MOTION FOR AN ORDER (A) APPROVING BID PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS; (B) SCHEDULING A HEARING TO CONSIDER THE FORM AND MANNER OF NOTICES; (C) ESTABLISHING PROCEDURES RELATING TO ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; AND (D) GRANTING RELATED RELIEF

Integra Hospital Plano, L.L.C. ("Integra Plano"), Integra Hospital Baton Rouge, L.L.C. ("Integra Baton Rouge"), Integra Hospital Management, L.L.C. ("Integra Management") and Integra Healthcare Holdings, Ltd. ("Integra Holdings," together with Integra Plano, Integra Baton Rouge and Integra Management, the "Debtors" or "Companies"), the Debtors in the above captioned cases (the "Cases"), hereby file this *Amended Emergency Motion for an Order (A) Approving Bid Procedures for Sale of Substantially All of Debtors' Assets; (B) Scheduling a Hearing to Consider the Form and Manner of Notices; (C) Establishing Procedures Relating to Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; and (D) Granting Related Relief* (the "Motion"), and in support of this Motion, the Debtors respectfully represent as follows:

# I. JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

# II. PROCEDURAL BACKGROUND

2.      On November 5, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code").

3.      The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.  No creditors' committee has been appointed in these cases by the United States Trustee.  Further, no trustee or examiner has been requested or appointed.

4.      The statutory predicates for the relief requested herein are sections 105, 363, and 365 of the Bankruptcy Code and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

5.      The Court has ordered that the Debtors' estates be jointly administered.

6.      A further description of the background of the Debtors and the events leading up to the filing of the voluntary petitions by the Debtors, is provided in the Affidavit of Mark Pfeil in Support of First Day Pleadings located at docket number 3, which is incorporated by reference herein.

7.      On November 7, 2008, the Debtors filed their *Emergency Motion for an Order (A) Approving Bid Procedures for Sale of Substantially All of Debtors' Assets; (B) Scheduling a Hearing to Consider the Form and Manner of Notices; (C) Establishing Procedures Relating to Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including*

*Notice of Proposed Cure Amounts; and (D) Granting Related Relief.* The Debtors now seek to amend the previous motion to clarify or expand certain bid criteria and to provide additional time for the sale process.

### III. RELIEF REQUESTED

8.     The Debtors hereby move that this Court enter an order pursuant to 11 U.S.C. §§ 105, 363, and 365 (A) approving bid procedures (the "**Bid Procedures**") relating to a sale of substantially all of the Debtors' assets and the transfer of hospital licensures and other accreditations[1] (the "**Assets**")[2] as set forth below and in an Asset Purchase Agreement (the "**APA**")[3]; (B) scheduling a hearing (the "**Sale Hearing**") to consider that sale and approving the form and manner of notices including notices relating to an (i) auction (the "**Auction**") and (ii) objection deadline with respect to that sale; (C) establishing procedures relating to assumption and assignment of certain designated unexpired leases, license agreements, and executory contracts (collectively, the "**Designated Contracts**"), including notice of proposed cure amounts (the "**Cure Costs**"); and (D) granting related relief.

9.     This Motion was filed in an attempt to maximize the likelihood of higher and/or better offers being made to the Debtors. The Debtors believe that the Bid Procedures subject the sale of the Assets to the marketplace and permit interested parties reasonable opportunities, consistent with the financial constraints of the Debtors, to evaluate whether to propose a bid for

---

[1] The receipt of the necessary governmental or agency approvals for the transfer of licenses, provider numbers or other hospital related accreditations to the Sucessful Bidder is not a contingency to a closing on the sale to the Successful bidder.
[2] Any medical devices or equipment that is sold is subject to notification, registration and licensing of the Successful Bidder by the applicable state agency. Also any medical devices that emit radiation are subject to these same requirements and cannot be moved without notice and approval by the applicable state agency.
[3] The form APA is not yet finalized. It will be finalized and sent to interested parties as soon as possible, upon request.

2415744.1

the Assets. Based on the prior interest in the Assets, the Debtors are hopeful that an Auction will yield additional consideration for the creditors of this estate.

10. By this Motion, pursuant to sections 105, 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, the Debtors seek an order that:

(a) authorizes and schedules an auction for Monday, December 1, 2008 at 1:30 p.m. (the "**Auction**") for the sale of all or a portion of the Assets free and clear of all liens, claims, encumbrances, and interests (the"**Sale**");

(b) approves the Bid Procedures in a form substantially similar to the form attached hereto as Exhibit A;

(c) approves the form and manner of the Auction and Sale notice substantially in the form attached as Exhibit B pursuant to Bankruptcy Rule 2002;

(d) establishes procedures relating to the assumption and assignment of Designated Contracts, including the establishment of costs required to be paid before assumption under section 365(b) ("**Cure Costs**"), and approves the form and manner of notice of the Cure Costs substantially in the form attached as Exhibit C pursuant to Bankruptcy Rule 2002;

(e) schedules the Sale Hearing to consider the Sale not later than Tuesday, December 2, 2008; and

(f) approves the form Confidentiality Agreement attached hereto as Exhibit D.

## A. Auction

11. Under Bankruptcy Rule 6004(f)(1), the Debtors may sell property outside the ordinary course of business by private sale or public auction. Here, the Debtors believe that an Auction will expose the Assets to a broad and diverse market and ensure a sale to the bidder making the highest and/or best offer. The Debtors propose to conduct the Auction on Monday, December 1, 2008 at 1:30 p.m.

## B. Proposed Bid Procedures

12. The Debtors further believe that the Bid Procedures are necessary to facilitate the Auction and ensure an orderly process to generate the highest and/or best offer for the Assets. If

the proposed Bid Procedures are approved, the Debtors will solicit competing bids for the Assets. The Bid Procedures describe, among other things, the assets available for sale, the manner in which bidders and bids become "qualified," the coordination of diligence efforts among bidders and the Debtors, the receipt, negotiation, and qualification of bids received, the conduct of any auction, and the selection and approval of any ultimately successful bidders.

13.     The Bid Procedures were designed to be consistent with the Debtors' competing needs to expedite the Sale process and to promote Auction participation and active bidding. Further, the Bid Procedures show the Debtors' objective to conduct the Auction in a controlled but fair and open fashion. The Bid Procedures are likewise consistent with those approved by courts in other jurisdictions.

14.     This section summarizes key provisions of the Bid Procedures but is qualified in its entirety by reference to the Bid Procedures[4] attached as Exhibit A:

> (a)     <u>Bid Deadline</u>. The deadline for submitting bids by a Qualified Bidder (as defined below) shall be Tuesday, November 25, 2008, at 5:00 p.m. (CDT) (the "**Bid Deadline**"). Prior to the Bid Deadline, a Qualified Bidder that wants to make an offer, solicitation or proposal (a "**Bid**") shall deliver written copies of its cash bid (or credit bid by a secured creditor, if applicable) via hand delivery, electronic mail or facsimile to: (i) Debtors, at Integra Hospital Plano, L.L.C., 2301 Marsh Lane, Plano, Texas 75093, Attn: Mark Pfeil, fax number (972) 265-3119 email address: mpfeil@integra-health.com and the proposed CRO Bruce Buchanan of Healthcare Management Partners email address: bbuchanan@hcmpllc.com; and (ii) Debtors' proposed counsel, Cox Smith Matthews, Attn: Carol E. Jendrzey, 112 E. Pecan Street, San Antonio, Texas 78205, Fax: (210) 226-8395, Email: cejendrz@coxsmith.com. Proposed Counsel for the Debtors shall provide copies of the Bids to counsel for Bank of Texas, Jackson Walker, LLP, Attn: Kenneth Stohner, Jr., 901 Main Street, Suite 6000, Dallas, TX 75202; (v) counsel for Contemporary Healthcare Fund, Farrell Fritz, P.C., Attn: Ted Berkowitz, 1320 Rexcorp Plaza, Uniondale, New York 11556; (vi) proposed counsel for any official committee of unsecured creditors (the "Committee") appointed in the Cases; and (vii) lessors upon request (collectively, the "Notice Parties"), not later than the Bid Deadline. A Bid proposal received

---

[4] Undefined capitalized terms in this section shall have the meaning ascribed to them in the Bid Procedures.

after the Bid Deadline shall not constitute a Qualified Bid. However, if no such Qualified Bid is received by the Bid Deadline, then the Auction will not be held.

(b)    Qualified Bidder. A bidder shall be a Qualified Bidder if it submits a Qualified Bid and the Debtors, in its discretion and with assistance from its advisors, determines such bidder is reasonably likely to submit a *bona fide* offer.

(c)    Qualified Bid. Any Bid submitted in accordance with the Bid Requirements.

(d)    Bid Requirements. To be eligible to participate in the Auction, each Bid and each Qualified Bidder submitting such a Bid must be determined by the Debtors to satisfy each of the following conditions:

(e)    Assets. A Bid must (a) be for the purchase of substantially all of the Assets of Integra Hospital Plano and/or Integra Hospital Baton Rouge, (b) identify the entity or entities bidding on the Assets, and (c) state the proposed purchase price. A bid must be a "firm offer" and not contain any contingencies to the validity, effectiveness, or binding nature of the bid, including, without limitation, contingencies for financing, due diligence, or inspection.

(f)    Good-Faith Deposit. Each Bid must be accompanied by a deposit (the "**Good Faith Deposit**") in the form of cash or in other form of immediately available U.S. funds, in an amount equal to 10 percent of the proposed purchase price. The Good Faith Deposit shall be delivered to Debtors' proposed counsel, Cox Smith Matthews, Incorporated, to be held in their trust account, pending the closing of the Sale. Wire instructions will be made available to such account upon request to Carol Jendrzey at: cjendrzey@coxsmith.com.  A deposit is not required for Credit bids.

(g)    Minimum Bid. The consideration proposed by the Bid must be cash. The aggregate proposed purchase price must equal or exceed $12,000,000 for Integra Hospital Plano, $7,000,000 for Integra Hospital Baton Rouge or $19,000,000.00 for both hospitals.

(h)    Cure Costs.  The Cure Costs for any assumed executory contract shall be paid by the Successful Bidder and not the Debtors.

(i)    Same or Better Terms. The Bid must be on terms that are, in the Debtors' business judgment, the same or better than the terms in the APA. A Bid shall include a copy of the APA marked to show all changes requested by the Bidder.  A copy of the APA shall be filed with the Court and circulated to potential bidders at a later date.

(j)    Irrevocable. Each Bid must be irrevocable until the Auction. Following the Auction, only the bid(s) designated by the Debtors as the prevailing bid(s) and the bid(s) designated as the next best bid(s) (the "Second Best Bid(s)")

shall remain irrevocable. The Second Best Bid(s) shall remain irrevocable for a period of 10 days after the Auction.

(k)     Ability to Close. Each Bid must be accompanied by evidence reasonably satisfactory to the Debtors demonstrating the Bidder's financial ability to close no later than Wednesday, December 3, 2008.

(l)     No Fees payable to Qualified Bidder. A Bid may not request or entitle the Qualified Bidder to any fee, expense reimbursement, or similar type of payment. Further, by submitting a Bid, a Bidder shall be deemed to waive its right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code or in any way related to the submission of its Bid or the Bid Procedures.

(m)     No later than November 26, 2008, the Debtors will notify all Qualified Bidders of the highest, best, and/or otherwise financially superior Qualified Bid, as determined in the Debtors' discretion (the "**Baseline Bid**") and in consultation with Bank of Texas, Contemporary Healthcare Fund I LP and Texas Capital Bank. The determination of which Qualified Bid constitutes the Baseline Bid shall take into account any factor that the Debtors reasonably deem relevant to the value of the Qualified Bid to the estates, including, among other things, the following, which may govern, but not control: (a) the amount and nature of the consideration; (b) the proposed assumption of any liabilities, if any; (c) the ability of the Qualified Bidder to close the proposed transaction; (d) the proposed closing date and the likelihood, extent, and impact of any potential delay in closing; (e) any purchase-price adjustments; (f) the impact of the contemplated transaction on any actual or potential litigation; (g) the net economic effect of any changes from the APA, if any, contemplated by the proposed transaction; and (h) the net after-tax consideration to be received by the Debtors (collectively, the "**Bid Assessment Criteria**").

(n)     Auction. If a Qualified Bid is received, the Debtors will conduct an Auction. The Auction shall be conducted according to the following procedures:

(i)     The Debtors Shall Conduct the Auction. The Debtors and their professionals in consultation with Bank of Texas and Contemporary Healthcare Fund I LP shall direct and preside over the Auction. At the start of the Auction, the Debtors shall describe the terms of the Baseline Bid and open the Auction for higher and/or better Bids. All Bids made thereafter shall be Overbids (as defined below), and shall be made and received on an open basis, with all material terms of each Bid fully disclosed to all other Qualified Bidders. The Debtors shall maintain a transcript of all Bids made and announced at the Auction, including the Baseline Bid, all Overbids and the Successful Bid.

(ii)     Participation at the Auction. Only a Qualified Bidder is eligible to participate at the Auction. Only the authorized representative of each Qualified Bidder shall be permitted to attend. Representatives and

7

counsel for Bank of Texas, Contemporary Healthcare Fund I, L.P., other secured creditors and the landlords shall also be permitted to attend the Auction.

(iii)     <u>Overbids</u>. During the Auction, bidding shall begin with the Baseline Bid and subsequently continue in minimum increments of at least $100,000.00, or such other amount as may be determined by the Debtors during the Auction. Other than as set forth herein, the Debtors may conduct the Auction in the manner it determines will result in the highest, best, and/or otherwise financially superior offer for the Assets.

(iv)     <u>Additional Procedures</u>. In its reasonable discretion, the Debtors in consultation with Bank of Texas and Contemporary Healthcare Fund I, LP may adopt rules for the Bid Procedures and for the Auction at or prior to the Auction that, in their reasonable discretion, will better promote the goals of the Auction and that are not inconsistent with any of the provisions of the Bid Procedures Order. All such rules will provide that all bids shall be made and received in one room, on an open basis, and all other Qualified Bidders shall be entitled to be present for all bidding with the understanding that the true identity of each Qualified Bidder (*i.e.*, the principals submitting the bid) shall be fully disclosed to all other Qualified Bidders and that all material terms of each Qualified Bid will be fully disclosed to all other Qualified Bidders throughout the entire Auction.

(v)     <u>Closing the Auction</u>. Upon conclusion of the bidding, the Auction shall be closed, and the Debtors in consultation with Bank of Texas and Contemporary Healthcare Fund I LP shall (a) immediately review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the Sale process, including those factors affecting the speed and certainty of consummating the Sale, (b) identify the highest, best, and/or otherwise financially superior offer for the Assets of Integra Hospital Plano and/or Integra Hospital Baton Rouge (the "**Successful Bid(s)**") and the entity or entities submitting such Successful Bid (the "**Successful Bidder**"), which highest, best, and/or otherwise financially superior offer will provide the greatest amount of net value to the Debtors, (c) identify the next highest or otherwise best offer or combination of bids after the Successful Bid (the "**Back-Up Bid**"), and advise the entity submitting such Back-up Bid that their Back-Up Bid shall remain open for 10 days unless otherwise extended by mutual agreement, and (d) announce to the participants the results of the Auction. The Debtors reserve the right to reject any and all bids, including Qualified Bids.

(o)     In their reasonable business judgment, the Debtors reserve the right to (i) impose, at or prior to the Auction, additional terms and conditions on the Sale of the Assets consistent with the Bid Procedures Order; (ii) extend the

deadlines set forth in the Bid Procedures; (iii) adjourn the Auction at the Auction; (iv) adjourn the Sale Hearing in open court without further notice; (v) withdraw from the Auction all or a portion of the Assets at any time prior to or during the Auction or cancel the Auction; (vi) reject all Qualified Bids if no bid is, in the Debtors' reasonable business judgment for fair and adequate consideration; and (vii) modify the Bid Procedures, including, without limitation, any and all processes and rules regarding conduct of activities at the Auction, including, *among other things*, the manner in .which bids are submitted and the permitted increments of such bids.

(p)     The Successful Bidder shall assume custody and control of the Patient Records as that term is defined in 11 U.S.C. §101(40B) and agree to comply with all state and federal statutes and regulations as to such information.

## C.     Notice of Sale Hearing, Auction, Bid Procedures, and Objection Dates

15.     To preserve the Debtors' going-concern value, while providing the requisite notice of the proposed Sale as required under Bankruptcy Rule 2002, the Debtors intend to proceed to the Auction and the Sale Hearing as detailed herein. The Debtors propose to hold the Auction at the offices of Cox Smith Matthews, 1201 Elm Street, Suite 3300, Dallas, TX 75270, on **Monday, December 1, 2008, at 1:30 p.m. (CDT)**.

16.     The Debtors request that the Court schedule the Sale Hearing on Tuesday**, December 2, 2008**. The Debtors propose that objections, if any, to the Sale Motion must, other than objections regarding the manner in which the Auction was conducted ("Auction Objections") and objections by contract counterparties pertaining to lack of adequate assurance of future performance of executory contracts or leases to be assumed and assigned in connection with the sale based on the identity of the prevailing bidders ("Adequate Assurance Objections"): (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the Clerk of the Bankruptcy Court for the Eastern District of Texas, Suite 300B, 660 North Central Expressway, Plano, Texas 75074, on or before **10:00 a.m. (CDT) on December 2, 2008** (the "**Sale Objection Deadline**"), and (d) be served on the Notice Parties by that same time. The failure of any objecting person or entity receiving the Auction and Sale Notice to

timely file its Sale Objections will be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Debtors' consummation of the proposed Sale, if so authorized by this Court. Auction Objections and Adequate Assurance Objections may be presented at the Sale Hearing.

17.     Further, to facilitate a potential sale that would involve the assumption and assignment of the Designated Contracts, the Debtors propose to serve notice of the Debtors' proposed Cure Costs (the "**Cure Notice**"), in the form attached hereto as Exhibit C not later than Friday, November 21, 2008 and request that the Court approve the procedure outlined below for fixing any cure amounts owed on all unexpired leases, license agreements and executory contracts.

18.     The Debtors' calculation of the Cure Costs that they believe must be paid to cure all prepetition defaults under all unexpired leases, license agreements, and executory contracts will be listed in the Cure Notice. If no amount is listed on the Cure Notice, then the Debtors believe that there is no Cure Cost.  The Debtors request that, unless the non-debtor party to an unexpired lease, license agreement, or executory contract files an objection (the "**Cure Amount Objection**") to its scheduled Cure Cost by November 26, 2008 at 5:00 p.m. (the "Cure Objection Deadline"), such non-debtor party should be (a) forever barred from objecting to the Cure Cost and from asserting any additional cure or other amounts with respect to such unexpired lease, license agreement, or executory contract, and the Debtors shall be entitled to rely solely on the Cure Cost and (b) forever barred and estopped from asserting or claiming against the Debtors, the Buyer, or any other assignee of the relevant unexpired lease, license agreement, or executory contract that any additional amounts are due or defaults exist, or conditions to assumption and assignment must be satisfied under such unexpired lease, license agreement, or executory contract.

19.     A Cure Amount Objection must not only be timely filed, but it must also set forth (a) the basis for the objection and (b) the amount the objecting party asserts is the correct Cure Cost. After receipt of the Cure Amount Objection, the Debtors will attempt to reconcile any differences in the Cure Cost believed by the non-debtor party to exist. If the Debtors and the nondebtor party cannot consensually resolve the Cure Amount Objection and such dispute must be resolved, the Debtors will segregate any disputed Cure Costs pending the resolution of any such disputes by this Court or mutual agreement of the parties.

20.     In accordance with Bankruptcy Rule 2002, the Debtors propose to give notice of the Bid Procedures, the Bid Procedures Order, the Auction, the Sale, and the Sale Objection Deadline in the following form and manner: Not later than one (1) business day after the entry of an Order approving this Motion, the Debtors will cause the notice of the Auction and Sale, in a form substantially similar to the form attached hereto as Exhibit B, to be sent by first-class mail, postage-prepaid, to all of its creditors and interest holders, all entities known to have expressed a *bona fide* interest in acquiring all or portions of the Assets, all taxing authorities or recording offices that have a reasonably known interest in the relief requested, the Office of the United States Trustee, counsel for any committee formed in this case, all insurers, all non-debtor parties to contracts or leases (executory or other), and other known parties-in-interest in these Cases. Not later than Friday, November 21, 2008, the Debtors will cause the Cure Notice, in a form substantially similar to the form attached hereto as Exhibit C, to be sent by overnight mail, electronic mail or hand delivery where practical, to all parties to an executory contract or unexpired lease that could be designated by the Buyer for assumption and assignment, the Office of the United States Trustee, counsel for the committee formed in this case, and any other parties requesting notice in this bankruptcy case.

11

21. The Debtors submit that Exhibits B and C are reasonably calculated to provide timely and adequate notice to the Debtors' creditors and other parties-in-interest, along with parties that have expressed interest (or may express interest) in bidding on the Assets, the Bid Procedures, the Auction, the Sale, the Cure Costs, and all matters related thereto and proceedings to be held thereon.

22. Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of the Debtors and its estates, and should be granted in all respects.

### IV. SUMMARY TIMELINE

23. As described herein, the Debtor has formulated the following timeline to effectuate the proposed Sale.

| Deadline | Activity/Deadline |
|---|---|
| Tuesday, November 25, 2008 at 5:00 p.m. | Bid Deadline |
| Friday, November 21, 2008 | Cure Notice |
| Monday, December 1, 2008 at 1:30 p.m. | Auction |
| Wednesday, November 26, 2008 at 5:00 p.m. | Cure Amount Objection |
| Tuesday, December 2, 2008 at 10:00 a.m | Sale Objection |
| Tuesday, December 2, 2008 | Sale Hearing |
| Wednesday, December 3, 2008 | Closing |

### V. BASIS FOR REQUESTED RELIEF

24. The Auction and the Bid Procedures are in the best interests of the Debtors' estates because it will promote active bidding from seriously interested parties and will identify the best and/or highest offer(s) for the Assets. The proposed Bid Procedures will allow the Debtors to conduct the Auction in a controlled, fair, and open fashion, which will encourage participation by financially capable bidders who demonstrate the ability to close a transaction.

2415744.1

The Debtors believe that the Bid Procedures are: (a) sufficient to encourage bidding for the Assets; (b) consistent with other procedures previously approved by courts; and (c) appropriate under the relevant standards governing auction proceedings and bidding incentives in bankruptcy proceedings and considering the exigencies of this case.

25.     After the debtor articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *In re S.N.A. Nut Co.*, 186 B.R. 98 (Bankr. N.D. Il. 1995); *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992); *In re Johns-Manville Corp.*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("A presumption of reasonableness attaches to a Debtor's management decisions.").

26.     The paramount goal in any proposed auction of estate property is to maximize the proceeds received by the estate. *See, e.g., In re Food Barn Stores, Inc.*, 107 F.3d 558, 564-65 (8th Cir. 1997) (finding that, in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *Integrated Res.*, 147 B.R. at 659 ("It is a well established principle of bankruptcy law that the [debtors'] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.") (quoting *In re Atlanta Packaging Prods., Inc.*, 99 B.R. 124, 130 (Bankr. N.D. Ga. 1988)).

27.     Courts uniformly recognize that procedures intended to enhance competitive bidding are consistent with the goal of maximizing the value received by the estate and therefore are appropriate in the context of bankruptcy transactions. *See, e.g., Integrated Res.*, 147 B.R. at 659 (such procedures "encourage bidding and maximize the value of the debtor's assets"); *In re Fin. News Network, Inc.*, 126 B.R. 152, 156 (Bankr. S.D.N.Y. 1991) ("Court-imposed rules for

the disposition of assets ... [should] provide an adequate basis for comparison of offers, and [should] provide for a fair and efficient resolution of bankrupt estates."). Section 105(a) of the Bankruptcy Code, which provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title," provides additional support to approve bid procedures. 11 U.S.C. § 105(a).

28.     The Debtors have sound business justifications for seeking approval of the Bid Procedures at this time. The Debtors have very limited resources to try to maximize the value of the Assets. Without additional cash or debtor-in-possession financing, the Debtors will be unable to continue operations beyond the time period proposed herein. In addition, the Sale provides a realistic means for the continuation of services to the Debtors' patients with minimal interruption and inconvenience. Absent the Sale, the Debtors will be forced to close their facilities. Accordingly, the Debtors have determined that, in its business judgment, the best option for maximizing the value of the Assets for the benefit of creditors, yet maintaining operations at the facilities, is the Sale pursuant to the Bid Procedures.

29.     The Debtors believes that the Bid Procedures will provide a framework for it to entertain Qualified Bids for the Assets and, if such Qualified Bids are received, to conduct the Auction in a fair and open fashion that will encourage participation by financially capable bidders who demonstrate the desire and ability to consummate the Sale. This should increase the likelihood that the Debtors will receive the greatest possible consideration for the Assets. Under the circumstances, approval of the Bid Procedures is in best interests of the Debtors, its estates, and the creditors thereof.

## VI.  COMPLIANCE WITH BANKRUPTCY RULE 6003

30.     Because the relief requested herein is procedural in nature, and does not affect substantive rights, the Debtors believe that Bankruptcy Rule 6003 is inapplicable. However, if

14

this Court disagrees, the Debtors further seek approval of this Motion in compliance with Bankruptcy Rule 6003. Pursuant to Bankruptcy Rule 6003, the Court may not grant the relief requested herein except to the extent necessary to avoid immediate and irreparable harm. As noted above, the approval of the Bid Procedures and the other relief related thereto is essential to prevent potentially immediate and irreparable damage to the Debtors and the value of their business enterprise. Accordingly, the Debtors submit that cause exists to satisfy Bankruptcy Rule 6003.

## VII.  <u>NOTICE</u>

31.     Notice of this Motion will be given to the following: (a) the Office of the United States Trustee; (b) the post petition lender; (c) the prepetition secured lenders; (d) all creditors known to the Debtors who have or may assert liens against the Debtors' assets; (e) the United States Internal Revenue Service; (f) the twenty (20) largest unsecured creditors of each of the Debtors; and (g) all parties in interest who have filed a notice of appearance or on whom service must be effected under the Federal Rules of Bankruptcy Procedure. Given the nature of the relief requested herein, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully requests that this Court grant the Motion and award the Debtors such other and further relief that this Court deems just and proper under the circumstances.

2415744.1

Dated:  November 12, 2008       Respectfully submitted,

**COX SMITH MATTHEWS INCORPORATED**

By: _/s/  Carol E. Jendrzey_
     Carol E. Jendrzey
     State Bar No. 10617420
     Lindsey D. Graham
     State Bar No. 24055412
     112 East Pecan Street, Suite 1800
     San Antonio, Texas 78205
     (210) 554-5500
     (210) 226-8395 (Fax)

          -and-

     Mark E. Andrews
     State Bar No. 01253520
     1201 Elm Street, Suite 3300
     Dallas, Texas  75270
     (214) 698-7800
     (214) 698-7899 (Fax)

**PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS-IN-POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing pleading was served via United States First Class Mail, postage prepaid on November 13, 2008 and/or by e-mail, to the parties listed on the attached Service List, as designated on the attached Service List, on November 12, 2008.

*/s/  Carol E. Jendrzey*
Carol E. Jendrzey

**SERVICE LIST**
**INTEGRA HOSPITAL PLANO, L.L.C., ET AL**
**CASE NO. 08-42998**

| | | |
|---|---|---|
| **Debtor**<br>Integra Hospital Plano, L.L.C.<br>2301 Marsh Lane<br>Plano, TX 75093 | **Debtor**<br>Integra Hospital Baton Rouge, L.L.C.<br>8000 Summa Avenue<br>Baton Rouge, LA 70809 | **Debtor**<br>Integra Hospital Management, L.L.C.<br>2301 Marsh Lane<br>Plano, TX 75093 |
| **Debtor**<br>Integra Hospital Holdings, Ltd.<br>2301 Marsh Lane<br>Plano, TX 75093 | **Debtor's Counsel**<br>Mark Andrews<br>Cox Smith Matthews Incorporated<br>1201 Elm Street, Suite 3300<br>Dallas, TX 75270<br>Email: mandrews@coxsmith.com | **Debtor's Counsel**<br>Carol E. Jendrzey<br>Lindsey Graham<br>Cox Smith Matthews Incorporated<br>112 E. Pecan, Suite 1800<br>San Antonio, TX 78205<br>Email: cejendrz@coxsmith.com<br>Email: lgraham@coxsmith.com |

**INTERESTED PARTIES**

| | | |
|---|---|---|
| Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114 | United States Attorney's Office<br>110 North College Avenue, Suite 700<br>Tyler, TX 75702-0204 | United States Trustee's Office<br>110 North College Avenue, Suite 300<br>Tyler, TX 75702-7231 |
| Mark R. Pfeil<br>2301 Marsh Lane<br>Plano, TX 75093<br>Email: mpfeil@integra-health.com | David LeBlanc<br>6900 Dallas Parkway, Suite 74-<br>Plano, TX 75024<br>Email: dleblanc@svholdings.net | Patrick Neligan Jr.<br>Neligan Foley LLP<br>1700 Pacific Avenue, Suite 2600<br>Dallas, TX 75201<br>Email: pneligan@neliganlaw.com<br>**Counsel for Simba Ventures Holdings** |
| Kenneth Stohner<br>Heather M. Forrest<br>Jeremy S. Mack<br>Jackson Walker L.L.P.<br>901 Main Street, Suite 6000<br>Dallas, TX 75202<br>Email: kstohner@jw.com<br>Email: hforrest@jw.com<br>Email: jmack@jw.com<br>**Counsel for Bank of Texas** | Ted Berkowitz<br>Farrell Fritz, P.C.<br>1320 Rexcorp Plaza<br>Uniondale, NY 11556<br>Email: tberkowitz@farrellfritz.com<br>**Counsel for Contemporary Healthcare Capital** | Patrick Collins<br>Farrell Fritz, P.C.<br>1320 Rexcorp Plaza<br>Uniondale, NY 11556<br>Email: pcollins@farrellfritz.com<br>**Counsel for Contemporary Healthcare Capital** |
| Helen E. Quick<br>Nelson Mullins Riley &<br>Scarborough<br>101 Constitution Ave., N.W.<br>Suite 900<br>Washington, DC 20001<br>Email:<br>helen.quick@nelsonmullins.com<br>**Counsel for Ziegler Healthcare Fund I, LP** | Peter M. Gilhuly<br>Latham & Watkins LLP<br>355 South Grand Avenue<br>Los Angeles, CA 90071-1560<br>Email: peter.gilhuly@lw.com | David C. Meckler<br>Latham & Watkins LLP<br>650 Town Center Drive 20th Floor<br>Costa Mesa, CA 92626-1925<br>Email: david.meckler@lw.com |

2415744.1

| | | |
|---|---|---|
| David Meckler<br>Latham & Watkins LLP<br>650 Town Center Drive 20th Floor<br>Costa Mesa, CA 92626-1925 | Peter M. Gilhuly<br>Latham & Watkins LLP<br>355 South Grand Avenue<br>Los Angeles, CA 90071-1560 | Amerisourcebergen Drug Corporation<br>1300 Morris Drive<br>Valley Forge, PA 19087 |
| Edward Don & Company<br>2500 South Harlem Avenue<br>North Riverside, IL 60546 | Health Care Property Investors, Inc.<br>3760 Kilroy Airport Way, Suite 300<br>Long Beach, CA 90806 | Siemens Medical Solutions USA, Inc.<br>51 Valley Stream Parkway<br>Malvern, PA 19355 |
| BOKF Equipment Finance, Inc.<br>P.O. Box 22117<br>Tulsa, OK 74121-2117 | Texas Capital Bank,<br>National Association<br>5800 Granite Parkway, Suite 150<br>Plano, TX 75024 | Morton R. Branzburg, Esq.<br>Klehr, Harrison, Harvey, Branzburg &<br>Ellers, LLP<br>260 S. Broad St.<br>Philadelphia, PA 19102<br>Email:<br>MBRANZBU@klehr.com<br>**Counsel for AmerisourceBergen<br>Drug Corporation** |

### 20 LARGEST UNSECURED CREDITORS FOR INTEGRA HOSPITAL PLANO, L.L.C., ET AL.

| | | |
|---|---|---|
| Texas HCP Holding, LP<br>File # 50132<br>Los Angeles, CA 90074-0132 | Siemens Medical Solutions<br>2809 Collection E<br>Chicago, IL 60693 | Colson, Jeanette<br>2701 W 15th Street<br>Suite 629<br>Plano, TX 75075 |
| Universal Hospital Service<br>SDS 12-0940<br>P.O. Box 86<br>Minneapolis, MN 55486-0940 | Cardinal Health 301, Inc.<br>Lockbox# 771952<br>1952 Solutions<br>Chicago, Il 60677-1009 | Texas Capital Bank, Na<br>5800 Granite Parkway<br>Suite 155<br>Plano, TX 75024 |
| Reliant Energy Retail Serv<br>Dept 0954<br>P.O. Box 120954<br>Dallas, TX 75312-0954 | Cardinal Health, Inc.<br>Lockbox# 771952<br>1952 Solutions<br>Chicago, IL 60677-1009 | Maxim Healthcare Services<br>12558 Collection Center Drive<br>Chicago, IL 60693 |
| Owens & Minor<br>P.O. Box 841420<br>Dallas, TX 75284-1420 | Enterprise Staffing Agency<br>P.O.Box 270568<br>Houston, TX 77277 | Platinum Select, LP<br>P.O. Box 678064<br>Dallas, TX 75267-8064 |
| Millet The Printer, Inc.<br>1000 S. Ervay S<br>Dallas, TX 75201 | Amerisourcebergen Drug Corp<br>P.O.Box 676337<br>Dallas, TX 75267-6337 | Hughes & Luce, LLP<br>1717 Main Street, Suite 2800<br>Dallas, TX 75201 |
| Mediserve Information System<br>585 N. Juniper<br>Suite 100<br>Chandler, AZ 85226 | Gulf South Medical Supply<br>P.O. Box 841968<br>Dallas, TX 75284-1968 | SHC Services Inc.<br>P.O. Box 27124<br>Salt Lake City, UT 84127-0124 |
| Globalcomm, Inc.<br>Po Box 844173<br>Dallas, TX 75284 | | |

## 20 LARGEST UNSECURED CREDITORS FOR INTEGRA HOSPITAL BATON ROUGE, L.L.C.

| | | |
|---|---|---|
| American Nursing Services Inc.<br>P.O. Box 974559<br>Dallas, TX 75397-4559 | Axis Medical<br>11579 Cedar Park Ave.<br>Baton Rouge, LA 70809 | BMA-Central Baton Rouge<br>P.O. Box 62760<br>New Orleans, LA 70162 |
| Christopher Belleau M.D.<br>5000 Hennessy Blvd<br>Baton Rouge, LA 70808 | Comphealth Medical Staffing<br>P.O. Box 972670<br>Dallas, TX 75397-2670 | Computer Programs & Systems<br>6600 Wall Street<br>Mobile, AL 36695 |
| Conco Food Service<br>918 Edwards Ave<br>New Orleans, LA 70123 | Contego Solutions, LLC<br>2211 Commerce St. Ste. 100<br>Dallas, TX 75201 | Entergy<br>P.O. Box 8103<br>Baton Rouge, LA 70897-8103 |
| HCP Inc. | HMG Physicians, LLC<br>3600 Florida Blvd<br>Baton Rouge, LA 70806 | John Bolter PhD<br>10101 Park Rowe Ave Ste. 200<br>Baton Rouge, La 70810 |
| Laporte, Sehrt, Romig and Hand<br>110 Veterans Memorial Suite 200<br>Metaire, LA 70005 | Medline Industries Inc.<br>P.O. Box 121080<br>Dallas, TX 75312-1080 | National Infusion Services<br>5344 Brittany Drive<br>Baton Rouge, LA 70808-4344 |
| National Pharmacy AC<br>5344 Brittany Drive<br>Baton Rouge, LA 70808-4344 | Our Lady of the Lake<br>P.O. Box 14790<br>Baton Rouge, LA 70898-4790 | Simulator Systems International<br>11130 East 56th Street<br>Tulsa, OK 74146 |
| Vascular Associates Laboratory, Inc.<br>8595 Picardy Avenue, Suite 320<br>Baton Rouge, LA 70808 | Xpress Ray Inc.<br>3400 Division Street<br>Metairie, LA 70002 | |

## 20 LARGEST UNSECURED CREDITORS FOR INTEGRA HOSPITAL MANAGEMENT, L.L.C.

| | | |
|---|---|---|
| Access<br>P.O. Box 733<br>Sulphur Springs, TX 75483 | Andrews Kurth, LLP<br>P.O. Box 201785<br>Houston, TX 77216 | Angie Phillips<br>Images & Associates<br>407 South Shore Drive<br>Amarillo, TX 79118 |
| BKM Total Office of Texas<br>P.O. Box 672066<br>Dallas, TX 75248 | Corporate Specialties<br>15400 Knoll Trail #204<br>Dallas, TX 75248 | Dan Brown<br>Creative Health Capital, LLC<br>920 Michigan Ave., #1N<br>Evanston, IL 60202 |
| Dan Lee Associates<br>111 W. Spring Valley Rd., Ste. 200<br>Richardson, TX 75081 | Fulbright & Jaworski, L.L.P.<br>2200 Ross Avenue, Suite 2800<br>Dallas, TX 75201 | Global Comm, Inc.<br>2544 Tarpley Road, Ste. 106<br>Carrollton, TX 75006 |
| H.D. Simpson Construction, Ltd.<br>111 W. Spring Valley Rd., Ste. 220<br>Richardson, TX 75081 | John Henderson<br>K&L/Gates, LLP<br>1717 Main St., Ste. 2800<br>Dallas, TX 75201 | Meritage Healthcare Strategies<br>2602 McKinney Ave., Ste. 240<br>Dallas, TX 75204 |
| Met Life Small Business Center<br>4150 N. Mulberry Drive, Ste. 300<br>Kansas City, MO 64116 | Millet the Printer, Inc.<br>1000 S. Ervay St.<br>Dallas, TX 75201 | Premium Assignment Corporation<br>P.O. Box 3100<br>Tallahassee, FL 32315 |

2415744.1

| | | |
|---|---|---|
| Sullivan, Cotter & Associates, Inc.<br>The Fisher Bldg.<br>3011 W. Grand Blvd. Suite 2800<br>Detroit, MI 48202 | Sullivan, Stolier & Roser<br>909 Poydras St., Ste. 2600<br>New Orleans, LA 70122 | Tennyson Development, LLP<br>Department 59370<br>Legacy Town Center III<br>P.O. Box 644296<br>Pittsburgh, PA 15264 |
| VeriCenter, Inc.<br>P.O. Box 120381<br>Dept. 0381<br>Dallas, TX 75312 | | |

**20 LARGEST UNSECURED CREDITORS FOR INTEGRA HEALTHCARE HOLDINGS, LTD.**

| | | |
|---|---|---|
| Andrews Kurth, LLP<br>P.O. Box 201785<br>Houston, TX 77216 | Blue Cross Blue Shield of Texas<br>P.O. Box 660049<br>Dallas, TX 75266 | Contemporary Healthcare Fund, I, LP<br>1040 Broad Street, Suite 3B<br>Shrewsbury, NJ 07702 |
| Deluxe Business Checks & Solutions<br>P.O. Box 742572<br>Cincinnati, OH 45274 | First HAS<br>1044 MacArthur Road<br>Reading, PA 19605 | Hughes & Luce, LLP<br>1717 Main St., Ste. 2800<br>San Antonio, TX 78201 |
| Jackson Walker, LLP<br>P.O. Box 130989<br>Dallas, TX 75313 | K & L/Gates, LLP<br>1717 Main Street, Suite 2800<br>Dallas, TX 75201 | Rich Bosco<br>GlobalComm<br>2544 Tarpley Road, Ste. 106<br>Carrollton, TX 75006 |
| Sullivan, Stolier & Roser<br>909 Poydras St., Ste. 2600<br>New Orleans, LA 70122 | Sungard Availability Services<br>P.O. Box 91233<br>Chicago, IL 60693 | Weaver & Tidwell, LLP<br>12221 Merit Drive, Suite 1400<br>Dallas, TX 75251 |

**NOTICE OF APPEARANCE**

| | | |
|---|---|---|
| Michael Reed<br>McCreary Veselka Bragg & Allen PC<br>P.O. Box 1269<br>Round Rock, TX 78680<br>**Counsel for County of Denton** | Robert W. Jones<br>H. Jefferson LeForce<br>Patton Boggs LLP<br>2001 Ross Avenue<br>Suite 3000<br>Dallas, TX 75201<br>Email: rwjones@pattonboggs.com<br>Email: jleforce@pattonboggs.com<br>**Counsel for Texas Capital Bank, N.A.** | Hal F. Morris<br>Ashley F. Bartram<br>Texas Attorney General's Office<br>Bankruptcy & Collections Division<br>P.O. Box 12548, MC-008<br>Austin, TX 78711-2548<br>**Counsel for Texas Department of State Health Services** |
| Neil J. Orleans<br>Goins, Underkofler, Crawford &<br>Langdon, L.L.P.<br>1201 Elm Street, Suite 4800<br>Dallas, TX 75270<br>**Counsel for Gulf South Medical Supply, Inc.** | Andrea Sheehan, Esq.<br>Law Offices of Robert E. Luna, P.C.<br>4411 N. Central Expressway<br>Dallas, TX 75205<br>**Counsel for Lewisville Independent School District** | Arlene N. Gelman, Esq.<br>Stephanie K. Hor-Chen, Esq.<br>Vedder Price PC<br>222 N. LaSalle Street, Suite 2600<br>Chicago, IL 60601<br>Email: agelman@vedderprice.com<br>Email: schen@vedderprice.com<br>**Counsel for Siemens Medical Solutions USA, Inc.** |

2415744.1

| | | |
|---|---|---|
| Samuel M. Stricklin, Esq.<br>Tricia R. DeLeon, Esq.<br>Bracewell & Giuliani LLP<br>1445 Ross Avenue, Suite 3800<br>Dallas, Texas 75202<br>Email:  sam.stricklin@bgllp.com<br>Email:  tricia.deleon@bgllp.com<br>**Counsel for Siemens Medical Solutions USA, Inc.** | | |
| **OFFICIAL UNSECURED CREDITORS' COMMITTEE** | | |
| Owen & Minor<br>c/o  Greg Brann-Interim Chairperson<br>9120 Lockwood Blvd.<br>Mechanicsville, VA 23116 | Universal Hospital Service<br>c/o  Julie Moore<br>1645 Hennepin Avenue, Suite 222<br>Minneapolis, MN 55403 | Enterprise Staffing Agency<br>c/o  Gerrod Coleman<br>1349 Emoire Central, Suite 650<br>Dallas, Texas 75247 |
| Globalcomm, Inc.<br>c/o  Richman Bosco, President<br>P.O. Box 844173<br>Dallas, Texas 75284 | Mediserve Information System<br>c/o  Trey Cowley<br>585 N. Juniper, Suite 100<br>Chandler, AZ 85226 | |

2415744.1