

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In re:** § | |
| § | **CHAPTER 11 CASE** |
| **INTEGRA HOSPITAL PLANO,** § | |
| **L.L.C.** § | **CASE NO. 08-42998** |
| § | |
| **Debtor.** § | |
| § | |

**ORDER ON MOTION OF CONTEMPORARY**
**HEALTHCARE FUND I, L.P. TO CONVERT CASE TO**
**CHAPTER 7 AND FOR RELIEF FROM AUTOMATIC STAY**

Came on for hearing the *Motion of Contemporary Healthcare Fund I, L.P. to Convert Cases to Chapter 7 and for Relief from Automatic Stay* (the "Motion") filed by Contemporary Healthcare Fund I, L.P. ("CHF"), and joined by the Official Committee of Unsecured Creditors (the "Committee" and with CHF, the "Movants") and the *Response to Motion of Contemporary Healthcare Fund I, L.P. to Convert Cases to Chapter 7 and for Relief from Automatic Stay* (the "Response") filed by Integra Hospital Plano, L.L.C. ("Integra Plano"), Integra Hospital Baton Rouge, L.L.C. ("Integra Baton Rouge"), Integra Hospital Management, L.L.C. ("Integra Management") and Integra Healthcare Holdings, Ltd. ("Integra Holdings," together with Integra Plano, Integra Baton Rouge, and Integra Management the "Debtors" or "Companies" and with the Movants, the "Parties"), the Debtors in the above captioned cases. The Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; the Court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court finds that, under the circumstances, proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and the Court finds that, upon the record

herein after due deliberation thereon, there is justification for the relief requested in the Motion; therefore, cause exists to grant the Motion as set forth herein; accordingly

**IT IS, THEREFORE, ORDERED** that the Motion is granted in part;

**IT IS FURTHER ORDERED** that Integra Hospital Plano, L.L.C., Case No. 08-42998, is hereby converted to Chapter 7 effective upon entry of this order;

**IT IS FURTHER ORDERED** that CHF's request for relief from the automatic stay is **DISMISSED** as moot;

**IT IS FURTHER ORDERED** that the duly-appointed Interim Chapter 7 Trustee and/or any Chapter 7 Trustee thereafter appointed or elected, is authorized to execute, on behalf of the bankruptcy estate of Integra Hospital Plano, L.L.C., any further documents necessary to effectuate the terms of the Asset Purchase Agreement;

**IT IS FURTHER ORDERED** that the duly-appointed Interim Chapter 7 Trustee is hereby authorized and directed to pay to Amerisource the sum of $69,248.47;

**IT IS FURTHER ORDERED** that the duly-appointed Interim Chapter 7 Trustee is authorized and directed to pay the obligations listed on the attached Exhibit "1", to reserve in a segregated, interest-bearing account the amounts listed on the attached Exhibit "2" subject to the further orders of the Court, and to pay the residual amount to Bank of Texas; and

**IT IS FURTHER ORDERED** that any payment made to a party prior to conversion pursuant to the APA and/or the terms of the Sale Order, or as authorized by this Order or by any subsequent order, is not avoidable by any other party, including the Chapter 7 Trustee.

Signed on 03/31/2009

BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE
Acting By Designation in the Absence of
Brenda T. Rhoades, United States Bankruptcy Judge

## Exhibit 1

| | |
|---|---|
| AmerisourceBergen | $ 69,248.00 |
| Employee Health Insurance for Gap Period[1] | $ |
| DOL Penalty | $ 730.00 |

## Exhibit 2

| | |
|---|---|
| Final Cost Reports, Tax Return Preparation | $ 49,000.00 |
| US Trustee Fees | $ 21,450.00 |
| Professional Fee Carve-Out | $100,000.00 |

---

[1] The Chapter 7 Trustee will consult with the Bank of Texas concerning the amount the Bank of Texas will allowed to be used for payment of the premium for the February payment.