Mark A. Weisbart
Texas Bar No. 21102650
THE LAW OFFICES OF MARK A. WEISBART
12770 Coit Road, Suite 541
Dallas, Texas 75251
(972) 628-3694 Phone
(972) 628-3687 Fax
weisbartm@earthlink.net

Attorneys for Linda S. Payne,
Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| IN RE: <br><br> INTEGRA HOSPITAL PLANO, LLC <br><br> Debtor | Case No. 08-42998 <br> Chapter 7 |

**MOTION TO APPROVE COMPROMISE AND**
**SETTLEMENT AGREEMENT WITH LINCOLN FINANCIAL GROUP**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED ON THE PARTY FILING THE MOTION WITHIN TWENTY ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE. IF NO RESPONSE IS TIMELY FILED AND SERVED, THE MOTION SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN. IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR RESPONSE MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

LINDA S. PAYNE, Chapter 7 Trustee ("Trustee") for Integra Hospital Plano, LLC ("IHP"), files this Motion to Approve Compromise and Settlement Agreement ("Motion") with Lincoln Financial Group ("Lincoln") and states:

**I.**

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b) (2) (A), (E) and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

3. On November 5, 2008 (the "Petition Date"), IHP commenced the above referenced bankruptcy case by filing voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. Thereafter, the Debtor continued to operate its businesses as Chapter 11 debtor in possession until the Court entered an Order converting the case to Chapter 7 on March 31, 2009. Plaintiff was thereafter appointed the Chapter 7 Trustee of the bankruptcy estates, and has since continued to serve in that capacity.

5. Between August 7, 2008 and November 5, 2008 (the "Preference Period"), Lincoln received payments in the aggregate amount of $14,660.49 from debtor IHP. The Trustee alleged the payments were potential preferential transfers which may be recovered by the Trustee pursuant to Section 547 of the Bankruptcy Code.

6. On or about November 4, 2010, Trustee commenced that certain adversary proceeding styled *Payne v. Amerisource Bergen Drug Corp., et al.,* Adversary No. 10-4245, seeking to recover preferential transfers on behalf of the estate of IHP.

7. Defendant Lincoln disputes the payments are recoverable as preferential transfers. Lincoln asserts affirmative defenses to the Trustee's claims pursuant to Section 547(c).

8. The Parties have negotiated a settlement of the preference claims, a true and correct copy of which is attached hereto as Exhibit "A". Pursuant to the Settlement Agreement, Defendant shall pay the Trustee $4,000.00 ("Settlement Payment"). In consideration for this

payment, the Trustee shall release all claims arising from the transfers which have been or could be asserted in the above referenced Adversary Proceeding.

10. The Parties acknowledge that bona fide disputes and controversies exist between the parties as to liability and the amount of damages, if any. It is understood and agreed that the Settlement Agreement and Settlement Payment represent a compromise of a disputed claim or claims, and nothing contained herein or in the Settlement Agreement shall be construed as an admission of liability by or on behalf of any party, all such liability being expressly denied.

**IV.**

**SETTLEMENT**

A trustee is granted authority to compromise a controversy pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, which in pertinent part provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve compromise and settlement." Fed.R.Bankr.P. 9019(a).

A court should determine that the proposed settlement is in the best interests of the bankruptcy estate. *Connecticut General Life Insurance Co.,* 68 F.3d 914, 917 (5th Cir. 1995). In this regard, the Fifth Circuit has enunciated the standards applicable to a court's evaluation of proposed settlements. The court should compare the relative strengths and weaknesses of each parties' claims and the probability of success for each of the parties should the claims and disputes be litigated. The court should further evaluate (i) the complexity, expenses and likely duration of litigation, (ii) the potential harm to the bankruptcy estate caused by the delay and cost of litigation, (iii) the possible difficulties associated with collection of any judgment which the estate may obtain, and (iv) whether the settlement is fair and equitable to the relative benefits being obtained by the estate, the creditors and parties in interest. *Connecticut General Life*

*Insurance Co.,* 68 F.3d at 017' *In re Jackson Brewing Co.,* 624 F.2d 599, 609 (5th Cir. 1980); *United States v. Aweco, Inc., (In re Aweco, Inc.),* 725 F.2d 293, 298 (5th Cir. 1984).

When these standards are applied to the proposed Settlement, it is clearly apparent that the Settlement is in the best interest of this bankruptcy estate, its creditors and all parties in interest. The Settlement eliminates uncertainty surrounding the probability of success of litigation of the estate's claims against Defendant. The Settlement minimizes the estates continued administrative expenses in prosecuting these claims. Moreover, the Settlement provides for payment of $4,000.00 to the bankruptcy estate.

Based on the Trustee's evaluation of the claims, the disputes and likely litigation of these matters, Trustee in her business judgment believes that the Settlement is in the estate's best interest. Accordingly, Trustee requests that the Court approve the Settlement on the terms and conditions set forth above.

WHEREFORE, PREMISES CONSIDERED, Trustee prays the Court enter an Order i) approving the Settlement Agreement; and ii) granting such other and further relief to which the Trustee is justly entitled.

Respectfully submitted,

/s/ Mark A. Weisbart
Mark A. Weisbart
Texas Bar No. 21102650
THE LAW OFFICES OF MARK A. WEISBART
12770 Coit Road, Suite 541
Dallas, TX 75251
(972) 628-3694 Phone
(972) 628-3697 Fax
weisbartm@earthlink.net

ATTORNEYS FOR LINDA S. PAYNE,
CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served on the Debtor, Debtor's counsel, the United States Trustee, and anyone who has entered their appearance through the court's electronic notification system as permitted by Appendix 5005 to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or via First Class Mail, postage prepaid this 25th day of February, 2011.

                                          /s/ Mark A. Weisbart
                                          Mark A. Weisbart

# SETTLEMENT AGREEMENT

On this 22nd day of February, 2011, LINDA S. PAYNE, Chapter 7 Trustee ("Trustee") for Integra Hospital Plano, LLC ("IHP"), on one hand, Lincoln Financial Group ("Lincoln"), on the other, enter into this Settlement Agreement (the "Agreement") for the purposes and consideration expressed herein as follows:

WHEREAS, On November 5, 2008 (the "Petition Date"), IHP filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing Bankruptcy Case No. 08-42998.

WHEREAS, the Debtor continued to operate its business as Chapter 11 debtor in possession until the Court entered an Order converting the case to Chapter 7 on March 31, 2009. LINDA S. PAYNE was thereafter appointed the Chapter 7 Trustee of the bankruptcy estates, and has since continued to serve in that capacity.

WHEREAS, Between August 7, 2008 and November 5, 2008 (the "Preference Period"), Lincoln received payments in the aggregate amount of $14,660.49 (the "Transfers") from Debtor IHP. The Trustee alleged the payments were potential preferential transfers which may be recovered by the Trustee pursuant to Section 547 of the Bankruptcy Code.

WHEREAS, on or about November 4, 2010, Trustee commenced that certain adversary proceeding styled *Payne v. Amerisource Bergen Drug Corp., et al.*, Adversary No. 10-4245, seeking to recover preferential transfers on behalf of the estate of IHP.

WHEREAS, Lincoln disputes the payments are recoverable as preferential transfers. Lincoln asserts affirmative defenses to the Trustee's claims pursuant to Section 547(c).

Exhibit A

WHEREAS, the parties have negotiated a settlement of the parties' claims and causes of action on the terms and conditions hereinafter described.

NOW THEREFORE, for and in consideration of the mutual covenants and promises set forth herein, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties intending to be fully bound agree as follows:

1. <u>Settlement</u>. Lincoln shall pay the Trustee the sum $4,000 ("Settlement Payment") upon entry of Order approving Settlement. Payment shall be made by check payable to Linda S. Payne, Chapter 7 Trustee, delivered to 12770 Coit Road, Suite 541, Dallas, Texas 75251.

2. <u>Dismissal</u>. Upon receipt of the full Settlement Payment, the Trustee shall dismiss Lincoln from the Adversary Proceeding.

3. <u>Release</u>. Upon receipt of the full Settlement Payment, the Trustee releases Lincoln from any and all claims, debts, liabilities, demands, costs, obligations, expenses, accounts, actions, and causes of action, known or unknown, accrued or unaccrued, arising from or related to the Transfers.

Lincoln hereby releases the Trustee and the estate from any claim arising as a result of the Settlement Payment including any claim pursuant to Section 502(h) of the Bankruptcy Code.

4. <u>No Admission</u>. The parties acknowledge that bona fide disputes and controversies exist between the parties as to liability and the amount of damages, if any. It is understood and agreed that this a compromise of a disputed claim or claims, and nothing

contained herein shall be construed as an admission of liability by or on behalf of any party, all such liability being expressly denied.

5. <u>Representations</u>. The parties to this Settlement Agreement acknowledge, represent and warrant that (i) they have carefully read and understand the effect of this agreement and that they have had the assistance of legal counsel in reviewing, discussing and considering all the terms of this agreement and counsel for each of the parties have read and considered this agreement and advised such party to execute the agreement; (ii) no parties' execution of this agreement is based upon any reliance upon any representation, understanding or agreement not expressly set forth herein, and no party has made any representations to any other party other than as expressly set forth herein; (iii) each party executes this agreement as a free and voluntary action, without any duress, coercion or undue influence exerted by or on behalf of any other party, (iv) acceptance of this agreement is in no way an admission of any fault or liability by any of the parties, (v) they are the sole owners of the claims or causes of actions being released in this agreement, none of the parties has conveyed or assigned any interest in any such claims or causes of action, to any person or entity not a party hereto and no persons or entities, other than the parties to this agreement, are necessary to fully release all claims and causes of action arising out of the transactions that are the subject of the foregoing release, (vi) each of the individuals signing this agreement has the full and complete authorization and power to execute the agreement in the capacity stated, and (vii) this agreement is a valid, binding and enforceable obligation of each of the parties and does not violate any law, rule, regulation, contract or agreement.

6. <u>Costs</u>. Each party shall bear its own costs and expenses incurred in connection with the Adversary and this Settlement Agreement.

7. THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES, SUPERSEDES ALL PRIOR AGREEMENTS, AND MAY NOT BE CONTRADICTED BY EVIDENCE OR PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES. THIS SETTLEMENT AGREEMENT MAY BE AMENDED ONLY BY WRITTEN INSTRUMENT SIGNED BY THE PARTIES HERETO.

8. Counterparts. This Settlement Agreement may be executed in multiple parts, each of which will be deemed an original and all of which shall constitute one and the same instrument.

9. Jointly Drafted. This agreement was drafted jointly by all parties in consultation with their attorneys. Accordingly, no rule of construction based upon one party or the other drafting this agreement shall apply.

10. Bankruptcy Court Approval. This Settlement Agreement is conditional upon the approval of the Bankruptcy Court in the Bankruptcy Case. In the event such approval is not obtained, this settlement agreement is null and void.

11. Governing Law and Venue. This Settlement Agreement shall be construed in accordance with the laws of the State of Texas. The parties agree that any and all disputes arising under or related to this agreement shall be litigated in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division.

SIGNED AND EFFECTIVE February 24, 2011.

By: _____
Linda S. Payne, Chapter 7 Trustee
For Integra Hospital Plano, LLC


By: _____
C D Cunningham Jr
Vice President, Associate Gen'l Counsel
Lincoln Financial Group