Mark A. Weisbart
Texas Bar No. 21102650
THE LAW OFFICES OF MARK A. WEISBART
12770 Coit Road, Suite 541
Dallas, Texas 75251
(972) 628-3694 Phone
(972) 628-3687 Fax
weisbartm@earthlink.net

Attorneys for Linda S. Payne,
Chapter 7 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>INTEGRA HOSPITAL PLANO, LLC<br><br>Debtor | Case No. 08-42998<br>Chapter 7 |

## MOTION TO APPROVE COMPROMISE AND SETTLEMENT
## AGREEMENT WITH TEXAS CAPITAL BANK, N.A.

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED ON THE PARTY FILING THE MOTION WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE. IF NO RESPONSE IS TIMELY FILED AND SERVED, THE MOTION SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN. IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR RESPONSE MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

LINDA S. PAYNE, Chapter 7 Trustee ("Trustee") for Integra Hospital Plano, LLC ("IHP"), files this Motion to Approve Compromise and Settlement Agreement ("Motion") with Texas Capital Bank, N.A. ("Texas Capital") and states:

**I.**

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b) (2) (A), (E) and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

3. On November 5, 2008 (the "Petition Date"), IHP commenced the above referenced bankruptcy case by filing voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. Thereafter, the Debtor continued to operate its businesses as Chapter 11 debtor in possession until the Court entered an Order converting the case to Chapter 7 on March 31, 2009. Plaintiff was thereafter appointed the Chapter 7 Trustee of the bankruptcy estates, and has since continued to serve in that capacity.

5. Between August 7, 2008 and November 5, 2008 (the "Preference Period"), the Trustee asserted that Texas Capital received payments in the aggregate amount of $305,565.78 from debtor IHP. The Trustee alleged the payments were potential preferential transfers which may be recovered by the Trustee pursuant to Section 547 of the Bankruptcy Code. However, Texas Capital asserted that it did not receive $156,509.30 of the payments.

6. On or about November 4, 2010, Trustee commenced that certain adversary proceeding styled *Payne v. Amerisource Bergen Drug Corp., et al.,* Adversary No. 10-4245, seeking to recover preferential transfers on behalf of the estate of IHP.

7. Defendant Texas Capital disputes the payments are recoverable as preferential transfers. Texas Capital asserts affirmative defenses to the Trustee's claims pursuant to Section 547(c).

8. The Parties have negotiated a settlement of the preference claims, a true and correct copy of which is attached hereto as Exhibit "A". Pursuant to the Settlement Agreement,

Defendant shall pay the Trustee $7500 ("Settlement Payment"). In consideration for this payment, the Trustee shall release all claims arising from the transfers which have been or could be asserted in the above referenced Adversary Proceeding.

10. The Parties acknowledge that bona fide disputes and controversies exist between the parties as to liability and the amount of damages, if any. It is understood and agreed that the Settlement Agreement and Settlement Payment represent a compromise of a disputed claim or claims, and nothing contained herein or in the Settlement Agreement shall be construed as an admission of liability by or on behalf of any party, all such liability being expressly denied.

## IV.

## **SETTLEMENT**

A trustee is granted authority to compromise a controversy pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, which in pertinent part provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve compromise and settlement." Fed.R.Bankr.P. 9019(a).

A court should determine that the proposed settlement is in the best interests of the bankruptcy estate. *Connecticut General Life Insurance Co.,* 68 F.3d 914, 917 (5th Cir. 1995). In this regard, the Fifth Circuit has enunciated the standards applicable to a court's evaluation of proposed settlements. The court should compare the relative strengths and weaknesses of each parties' claims and the probability of success for each of the parties should the claims and disputes be litigated. The court should further evaluate (i) the complexity, expenses and likely duration of litigation, (ii) the potential harm to the bankruptcy estate caused by the delay and cost of litigation, (iii) the possible difficulties associated with collection of any judgment which the estate may obtain, and (iv) whether the settlement is fair and equitable to the relative benefits

being obtained by the estate, the creditors and parties in interest. *Connecticut General Life Insurance Co.,* 68 F.3d at 017' *In re Jackson Brewing Co.,* 624 F.2d 599, 609 (5th Cir. 1980); *United States v. Aweco, Inc., (In re Aweco, Inc.),* 725 F.2d 293, 298 (5th Cir. 1984).

When these standards are applied to the proposed Settlement, it is clearly apparent that the Settlement is in the best interest of this bankruptcy estate, its creditors and all parties in interest. The Settlement eliminates uncertainty surrounding the probability of success of litigation of the estate's claims against Defendant. The Settlement minimizes the estates continued administrative expenses in prosecuting these claims. Moreover, the Settlement provides for payment of $7,500.00 to the bankruptcy estate.

Based on the Trustee's evaluation of the claims, the disputes and likely litigation of these matters, Trustee in her business judgment believes that the Settlement is in the estate's best interest. Accordingly, Trustee requests that the Court approve the Settlement on the terms and conditions set forth above.

WHEREFORE, PREMISES CONSIDERED, Trustee prays the Court enter an Order i) approving the Settlement Agreement; and ii) granting such other and further relief to which the Trustee is justly entitled.

Respectfully submitted,

/s/ Mark A. Weisbart
Mark A. Weisbart
Texas Bar No. 21102650
THE LAW OFFICES OF MARK A. WEISBART
12770 Coit Road, Suite 541
Dallas, TX 75251
(972) 628-3694 Phone
(972) 628-3697 Fax
weisbartm@earthlink.net

ATTORNEYS FOR LINDA S. PAYNE,
CHAPTER 7 TRUSTEE

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on the attached mailing list which includes the Debtor, Debtor's counsel, the office of the United States Trustee, and all parties who have filed a notice of appearance in the case, in accordance with the Order Granting Amended Motion to Limit Notice of Motions to Approve Compromise and Settlement Agreements, Including Preference Claims entered on January 5, 2011, either through the court's electronic notification system as permitted by Appendix 5005 to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid on the 21st day of March, 2011.

/s/ Mark A. Weisbart
Mark A. Weisbart

# SETTLEMENT AGREEMENT

On this ___ day of March, 2011, LINDA S. PAYNE, Chapter 7 Trustee ("Trustee") for Integra Hospital Plano, LLC ("IHP"), on one hand, Texas Capital Bank, N.A. ("Texas Capital"), on the other, enter into this Settlement Agreement (the "Agreement") for the purposes and consideration expressed herein as follows:

WHEREAS, On November 5, 2008 (the "Petition Date"), IHP filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing Bankruptcy Case No. 08-42998.

WHEREAS, the Debtor continued to operate its business as Chapter 11 debtor in possession until the Court entered an Order converting the case to Chapter 7 on March 31, 2009. LINDA S. PAYNE was thereafter appointed the Chapter 7 Trustee of the bankruptcy estates, and has since continued to serve in that capacity.

WHEREAS, Between August 7, 2008 and November 5, 2008 (the "Preference Period"), the Trustee asserted Texas Capital received payments in the aggregate amount of $305,565.78 (the "Transfers") from Debtor IHP. The Trustee alleged the payments were potential preferential transfers which may be recovered by the Trustee pursuant to Section 547 of the Bankruptcy Code.

WHEREAS, on or about November 4, 2010, Trustee commenced that certain adversary proceeding styled *Payne v. Amerisource Bergen Drug Corp., et al.,* Adversary No. 10-4245, seeking to recover preferential transfers on behalf of the estate of IHP.

WHEREAS, Texas Capital disputes the payments are recoverable as preferential transfers and that it never received $156,509.30 of the payments. Texas Capital asserts affirmative defenses to the Trustee's claims pursuant to Section 547(c).

WHEREAS, Texas Capital filed Claim Number 97 on March 16, 2009 in the amount of $2,238,178.67 (the "Proof of Claim").

WHEREAS, the parties have negotiated a settlement of the parties' claims and causes of action on the terms and conditions hereinafter described.

NOW THEREFORE, for and in consideration of the mutual covenants and promises set forth herein, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties intending to be fully bound agree as follows:

1. <u>Settlement</u>. Texas Capital shall pay the Trustee the sum $7,500 ("Settlement Payment") upon entry of Order approving Settlement. Payment shall be made by check payable to Linda S. Payne, Chapter 7 Trustee, delivered to 12770 Coit Road, Suite 541, Dallas, Texas 75251.

2. <u>Dismissal</u>. Upon receipt of the full Settlement Payment, the Trustee shall dismiss Texas Capital from the Adversary Proceeding with prejudice.

3. <u>Release</u>. Upon receipt of the full Settlement Payment, the Trustee releases Texas Capital from any and all claims, debts, liabilities, demands, costs, obligations, expenses, accounts, actions, and causes of action, known or unknown, accrued or unaccrued, arising from or related to the Transfers.

Texas Capital hereby releases the Trustee and the estate from any claim arising as a result of the Settlement Payment including any claim pursuant to Section 502(h) of the Bankruptcy Code, but does not release any claim in connection with the Proof of Claim.

4. <u>No Admission</u>. The parties acknowledge that bona fide disputes and controversies exist between the parties as to liability and the amount of damages, if any. It is understood and agreed that this a compromise of a disputed claim or claims, and nothing contained herein shall be construed as an admission of liability by or on behalf of any party, all such liability being expressly denied.

5. <u>Representations</u>. The parties to this Settlement Agreement acknowledge, represent and warrant that (i) they have carefully read and understand the effect of this agreement and that they have had the assistance of legal counsel in reviewing, discussing and considering all the terms of this agreement and counsel for each of the parties have read and considered this agreement and advised such party to execute the agreement; (ii) no parties' execution of this agreement is based upon any reliance upon any representation, understanding or agreement not expressly set forth herein, and no party has made any representations to any other party other than as expressly set forth herein; (iii) each party executes this agreement as a free and voluntary action, without any duress, coercion or undue influence exerted by or on behalf of any other party, (iv) acceptance of this agreement is in no way an admission of any fault or liability by any of the parties, (v) they are the sole owners of the claims or causes of actions being released in this agreement, none of the parties has conveyed or assigned any interest in any such claims or causes of action, to any person or entity not a party hereto and no persons or entities, other than the parties to this agreement, are necessary to fully release all claims and causes of action arising out of the transactions that are the subject of the foregoing release, (vi)

each of the individuals signing this agreement has the full and complete authorization and power to execute the agreement in the capacity stated, and (vii) this agreement is a valid, binding and enforceable obligation of each of the parties and does not violate any law, rule, regulation, contract or agreement.

6. Costs. Each party shall bear its own costs and expenses incurred in connection with the Adversary and this Settlement Agreement.

7. THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES, SUPERSEDES ALL PRIOR AGREEMENTS, AND MAY NOT BE CONTRADICTED BY EVIDENCE OR PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES. THIS SETTLEMENT AGREEMENT MAY BE AMENDED ONLY BY WRITTEN INSTRUMENT SIGNED BY THE PARTIES HERETO.

8. Counterparts. This Settlement Agreement may be executed in multiple parts, each of which will be deemed an original and all of which shall constitute one and the same instrument.

9. Jointly Drafted. This agreement was drafted jointly by all parties in consultation with their attorneys. Accordingly, no rule of construction based upon one party or the other drafting this agreement shall apply.

10. Bankruptcy Court Approval. This Settlement Agreement is conditional upon the approval of the Bankruptcy Court in the Bankruptcy Case. In the event such approval is not obtained, this settlement agreement is null and void.

11. <u>Governing Law and Venue</u>. This Settlement Agreement shall be construed in accordance with the laws of the State of Texas. The parties agree that any and all disputes arising under or related to this agreement shall be litigated in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division.

SIGNED AND EFFECTIVE March 21, 2011.

By: _____
Linda S. Payne, Chapter 7 Trustee
For Integra Hospital Plano, LLC

By: _____
Texas Capital Bank, N.A.

**Bruce Shilcutt, EVP**
**Texas Capital Bank**

```
Label Matrix for local noticing          Mark E. Andrews                          Zachery Zigmond Annable
0540-4                                   Cox Smith Matthews                       1201 Elm St., Suite 3300
Case 08-42998                            1201 Elm Street, Suite 3300              Dallas, TX 75270-2115
Eastern District of Texas                Dallas, TX 75270-2115
Sherman
Mon Mar 21 15:03:55 CDT 2011

J. Robert Arnett II                      Atmos Energy Corporation                 John R. Aucoin
Munck Carter, P.C.                       PO Box 650205                            P.O. Box 80095
12770 Coit Road                          Dallas, TX 75265-0205                    Baton Rouge, LA 70898-0095
600 Banner Place
Dallas, TX 75251

BKOF Equipment Finance, Inc.             Bank of Texas, N.A.                      Kimberly A. Bartley
c/o Kenneth Stohner, Jr.                 c/o Kenneth Stohner, Jr.                 Waldron & Schneider
Jackson Walker L.L.P.                    Jackson Walker L.L.P.                    15150 Middlebrook Drive
901 Main Street, Suite 6000              901 Main Street                          Houston, TX 77058-1226
Dallas, TX 75202-3797                    Suite 6000
                                         Dallas, TX 75202-3797

Ashley Flynn Bartram                     Ted A. Berkowitz, Esq.                   James H. Billingsley
Office of the Attorney General           Farrell Fritz, P.C.                      K&L Gates LLP
PO Box 12548  MC-008                     1320 RexCorp Plaza                       1717 Main Street, Suite 2800
Austin, TX 78711-2548                    Uniondale, NY 11556-0120                 Dallas, TX 75201-7342


Morton R. Branzburg                      CareFusion Solutions, L.L.C.             Carter BloodCare
Klehr Harrison Harvey                    PO Box 1945                              2205 Hwy 121
Branzburg & Ellers                       c/o Scott A. Zuber                       Bedford, TX 76021-5950
260 S. Broad St.                         Morristown, NJ 07962-1945
Philadelphia, PA 19102-5021

Ceridian Corporation                     City of Richardson                       Charles M. Cobbe
Allen Matkins Leck Gamble Mallory & Nats c/o Laurie Spindler                      Cavazos, Hendricks, Poirot & Smitham, PC
ATTN:  Vincent M. Coscino                Linebarger Goggan Blair & Sampson, LLP   900 Jackson Street, Suite 570
1900 Main Street, Fifth Floor            2323 Bryan St., Suite 1600               Dallas, TX 75202-2413
Irvine, CA 92614-7317                    Dallas, TX 75201-2644

Patrick T Collins                        Patrick Collins, Esq.                    Contemporary Healthcare Fund I, L.P.
Farrell Fritz, P.C.                      Farrell Fritz, P.C.                      c/o Farrell Fritz, P.C.
1320 RexCorp Plaza                       1320 RexCorp Plaza                       1320 RexCorp Plaza
Uniondale, NY 11556-0120                 Uniondale, NY 11556-0120                 Uniondale, NY 11556-1320

County of Denton                         Dallas County                            Tricia Robinson DeLeon
c/o Michael Reed                         c/o Linebarger Goggan Blair, et al       Bracewell & Giuliani LLP
PO Box 1269                              2323 Bryan St.                           1445 Ross Avenue, Suite 3800
Round Rock, TX 78680-1269                1720 Univision Center                    Dallas, TX 75202-2724
                                         Dallas, TX 75201-2644

Enterprise Staffing Agency               Equipment Depot, Ltd.                    Don C. Fletcher
c/o Gerrod Coleman                       Attn:  Ed Fritz                          1850 N. Central Ave., Suite 2400
1349 Emoire Central, Suite 650           1400 S. Loop 12                          Phoenix, AZ 85004-4579
Dallas, TX 75247-4110                    Irving, TX 75060-6322


Heather M. Forrest                       William A. Frazell                       Arlene N. Gelman
Jackson Walker L.L.P.                    300 West 15th St., 8th Floor             Vedder Price PC
901 Main Street, Suite 6000              Austin, TX 78701-1649                    222 N. LaSalle Street, Suite 2600
Dallas, TX 75202-3797                                                             Chicago, IL 60601-1104
```

| | | |
|---|---|---|
| Bernard R. Given<br>Frandzel Robins Bloom & Csato, L.C.<br>6500 Wilshire Blvd., 17th Floor<br>Los Angeles, CA 90048-4904 | Globalcomm, Inc.<br>c/o Richman Bosco, President<br>PO Box 844173<br>Dallas, TX 75284-4173 | Kristian W. Gluck<br>Fulbright & Jaworski L.L.P.<br>2200 Ross Avenue, Suite 2800<br>Dallas, TX 75201-2784 |
| Lindsey Graham<br>112 East Pecan Street<br>San Antonio, TX 78205-1512 | Greenberg Traurig, LLP<br>2200 Ross Avenue<br>Suite 5200<br>Dallas, TX 75201-2794 | Gregg P. Hirsch<br>27-01 Queens Plaza North<br>Long Island, NY 11101-4020 |
| Stephanie K. Hor-Chen<br>Vedder Price PC<br>222 N. LaSalle Street, Suite 2600<br>Chicago, IL 60601-1104 | Laurie Spindler Huffman<br>Linebarger, Goggan, Blair & Sampson<br>2323 Bryan St., Suite 1600<br>Dallas, TX 75201-2644 | Integra Hospital Plano, L.L.C.<br>2301 Marsh Lane<br>Plano, TX 75093-8497 |
| Carol E. Jendrzey<br>Cox Smith Matthews<br>112 E. Pecan, Ste. 1800<br>San Antonio, TX 78205-1521 | K&L Gates LLP<br>1717 Main St.<br>Ste. 2800<br>Dallas, TX 75201-7342 | Christopher A. Kalis<br>5160 Village Creek Drive, Suite 100<br>Plano, TX 75093-4423 |
| Alan H. Katz<br>Entergy Services, Inc.<br>639 Loyola Ave., 26th Floor<br>New Orleans, LA 70113-3125 | Laboratory Corporation of America<br>c/o Waldron & Schneider<br>15150 Middlebrook Drive<br>Houston, TX 77058-1226 | David B. LeBlanc<br>c/o J. Michael Sutherland<br>Carrinton Coleman Sloman & Blumenthal<br>901 Main Street, Suite 5500<br>Dallas, TX 75202-3767 |
| H. Jefferson LeForce<br>Patton Boggs, L.L.P.<br>2000 McKinney Ave.<br>Ste. 1700<br>Dallas, TX 75201-2085 | Lewisville Independent School District<br>Law Office of Robert E. Luna, P.C<br>c/o Andrea Sheehan<br>4411 North Central Expressway<br>Dallas, TX 75205-4210 | Julie Ann Linares<br>The Linares Law Firm, P.L.L.C.<br>2911 Turtle Creek Blvd.<br>Suite 300<br>Dallas, TX 75219-6243 |
| Lisa M. Lucas<br>Carrington Coleman Sloman & Blumenthal<br>901 Main Street, Suite 5500<br>Dallas, TX 75202-3767 | Meyling Ly<br>William L. Wolf, P.C.<br>5949 Sherry Lance, Suite 550<br>Dallas, TX 75225-8040 | Joe E. Marshall<br>Munsch Hardt Kopf & Harr, P.C.<br>3800 Lincoln Plaza<br>500 N. Akard St.<br>Dallas, TX 75201-3302 |
| Maxim Healthcare Systems, Inc.<br>7227 Lee DeForest Drive<br>Columbia, MD 21046-3236 | William L. Medford<br>Greenberg Traurig<br>2200 Ross Ave., Suite 5200<br>Dallas, TX 75201-2794 | William L. Medford<br>c/o Greenberg Traurig, LLP<br>2200 Ross Avenue, Suite 5200<br>Dallas, TX 75201-2794 |
| Mediserve Information System<br>c/o Trey Cowley<br>585 N. Juniper, Suite 100<br>Chandler, AZ 85226-2552 | Medrec, Inc.<br>Medrec, Inc. c/o Stuart H. Simms, Esq.<br>2117 Pat Booker Rd., Ste. A<br>Universal City, TX 78148-3206 | Hal F. Morris<br>Office of the Texas Attorney General<br>Energy Division<br>P. O. Box 12548, Capitol Station<br>Austin, TX 78711-2548 |
| Timothy W. O'Neal<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 | Neil J. Orleans<br>Goines, Underkofler, Crawford & Langdon<br>1201 Elm Street<br>Suite 4800<br>Dallas, TX 75270-2146 | Owens & Minor<br>c/o Greg Brann-Interim Chairperson<br>9120 Lockwood Blvd<br>Mechanicsville, VA 23116-2015 |

Linda S Payne
541 Banner Place
12770 Coit Road
Dallas, TX 75251-1336

Mark Pfeil
3441 Bushy Trail
Plano, TX 75025

Players Gate Catering
P.O. Box 80095
Baton Rouge, LA 70898-0095

(p)MICHAEL REED OR LEE GORDON
PO BOX 1269
ROUND ROCK TX 78680-1269

Reliant Energy Retail Services, LLC
c/o Charles M. Cobbe
900 Jackson Street
Suite 120
Dallas, TX 75202-4453

Cynthia Johnson Rerko Esq.
Cynthia Johnson Rerko, Esq., P.C.
2605 Hibernia St.
Dallas, TX 75204

Marcus Salitore
US Trustee Office
110 N. College Ave., Room 300
Tyler, TX 75702-7231

Andrea Sheehan
Law Offices of Robert E. Luna
4411 N. Central Expressway
Dallas, TX 75205-4210

Michelle E. Shriro
Singer & Levick, P.C.
16200 Addison Rd., Ste. 140
Addison, TX 75001-5376

Siemens Medical Solutions USA, Inc.
186 Wood Ave. South
Iselin, NJ 08830-2725

Stuart H. Simms
Law Offices of James L. Brister PLLC
2117 Pat Booker Rd., Ste. A
Universal City, TX 78148-3206

Claude D Smith
Cavazos, Hendricks, Poirot & Smitham, PC
900 Jackson Street, Suite 570
Dallas, TX 75202-2413

Kenneth Stohner Jr.
Jackson Walker, LLP
901 Main Street, Suite 6000
Dallas, TX 75202-3797

Samuel M. Stricklin
Bracewell & Giuliani
1445 Ross Avenue
Suite 3800
Dallas, TX 75202-2724

J. Michael Sutherland
Carrington Coleman Sloman & Blumenthal
901 Main Street
Suite 5500
Dallas, TX 75202-3767

TW Telecom Inc.
c/o Linda Boyle
10475 Park Meadows Drive, #400
Littlleton, CO 80124-5454

Texas Capital Bank, N.A.
c/o Patton Boggs LLP
2001 Ross Ave
Suite 3000
Dallas, TX 75201-2934

Texas Department of State Health Services
c/o Attorney General's Office
Bankruptcy & Collections Division
P. O. Box 12548, MC-008
Austin, TX 78711-2548

Martin K. Thomas
Thomas & Sobol
P.O. Box 36528
Dallas, TX 75235-1528

Joseph P. Titone
Breazeale, Sachse & Wilson, LLP
P. O. Box 3197
23rd Floor, One American Place
Baton Rouge, LA 70821-3197

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231

United States of America [DHHS]
United States Attorney's Office
110 N. College Street
Suite 700
Tyler, TX 75702-7237

Universal Hospital Service
c/o Julie Moore
1645 Hennepin Ave., Suite 222
Minneapolis, MN 55403-1713

John M. Vardeman
UST Office
110 N. College St., Suite 300
Tyler, TX 75702-7231

Richard J. Wallace
Scheef & Stone, L.L.P.
500 North Akard
Lincoln Plaza, Suite 2700
Dallas, TX 75201-3302

Mark A. Weisbart
12770 Coit Road, Suite 541
Dallas, TX 75251-1366

Mark A. Weisbart
The Law Offices of Mark A. Weisbart
12770 Coit Road, Suite 541
Dallas, TX 75251-1366

Robert C. Yan
Farrell Fritz, P.C.
1320 RexCorp Plaza
Uniondale, NY 11556-0120

Ruth Harris Yeager
Office of the U.S. Attorney
110 N. College Ave.
Suite 700
Tyler, TX 75702-0204

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Michael Reed
McCreary, Veselka, Bragg, & Allen, PC
P. O. Box 1269
Round Rock, TX 78680


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)AmerisourceBergen Drug Corporation      (u)Brown, Hamilton, Houch & Pfeffer      (u)Committee


(u)Cox Smith Matthews                      (u)Digital Discovery                     (u)Entergy Gulf States Louisiana, L.L.C.
                                                                                    c/o Alan H. Katz


(u)Fulbright & Jaworski L.L.P.             (u)Gulf South Medical Supply, Inc.       (u)Healthcare Managment Partners, LLC


(u)Marissa Lane                            (u)Metropolitan Life Insurance Company   (d)Timothy W. O'Neal
                                                                                    Office of the U.S. Trustee
                                                                                    110 N. College Ave., Ste. 300
                                                                                    Tyler, TX 75702-7231


(u)Our Lady of the Lake Hospital, Inc.     (u)Mark Pfeil                            (u)Rockwall Rehab Hospitals, Ltd.


(u)The Texas Workforce Commission          (d)Mark A. Weisbart                      End of Label Matrix
                                           The Law Offices of Mark A. Weisbart      Mailable recipients    88
                                           12770 Coit Road, Suite 541               Bypassed recipients    17
                                           Dallas, TX 75251-1366                    Total                 105